UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Petitioner, | ) Misc. Case No.:<br>)<br>) Judge: |
| v. | )<br>) Magistrate Judge: |
| **LA BOMBA FOOD RESTAURANT, INC.**, | )<br>)<br>) |
| Respondent. | ) |

**SECRETARY OF LABOR'S PETITION FOR
ENFORCEMENT OF ADMINISTRATIVE SUBPOENA *DUCES TECUM***

Petitioner **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, ("Secretary") by and through his counsel, pursuant to Section 9 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*, ("FLSA" or "Act"), applies to this Court for an Order requiring Respondent **LA BOMBA FOOD RESTAURANT, INC.**, ("La Bomba" or "Respondent") to comply with the Subpoena *Duces Tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor, and duly served upon Respondent, and an order tolling the statute of limitations.

**I**

Jurisdiction to issue the Order is conferred upon this Court by Section 9 of the Act, 29 U.S.C. § 209, and by Sections 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

## II

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act . . . as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act." 29 U.S.C. § 211. Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the production of documents, *inter alia*, are applicable to the Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

## III

A. Michael Lazzeri is the Regional Administrator of the Wage and Hour Division, United States Department of Labor, who, among others, has been delegated the authority by the Secretary to issue administrative subpoenas under the Act.

B. Thomas Gauza is the District Director of the Chicago District Office of the Wage and Hour Division, United States Department of Labor.

## IV

Respondent, at all times referred to herein, is and was an Illinois corporation with an office and principal place of business located at 3221 W. Armitage Ave., Chicago, Illinois 60647, within the jurisdiction of this Court.

## V

In order to conduct a thorough investigation into the wages, hours and other conditions and practices of employment, pursuant to section 11 of the FLSA, Wage and Hour investigators regularly review, copy and/or transcribe information from employers' records including, but not limited to, payroll records and records of hours worked, question and interview employees, and collect and review other relevant data relating to compliance by employers under the Act.

## VI

Pursuant to the power vested in him as Regional Administrator of the Wage and Hour Division, United States Department of Labor, Michael Lazzeri signed and issued an administrative Subpoena *Duces Tecum* ("Subpoena") requiring Respondent to appear before Thomas Gauza, District Director of the Wage and Hour Division, United States Department of Labor, 230 S. Dearborn Street, Room 412, Chicago, Illinois 60604, at 10:00 a.m. on the February 10, 2020, to testify and produce designated books, records, and documents, listed on Attachment A to the Subpoena, concerning matters within the scope of an investigation being conducted pursuant to the FLSA, 29 U.S.C. § 211. A copy of the Subpoena is attached hereto and incorporated herein by reference as Exhibit A-4.

### VII

On February 3, 2020, the Subpoena was served upon Respondent by hand delivering a duplicate original of the Subpoena to La Bomba's owner and President, Wilson Torres, at 3221 W. Armitage Ave., Chicago, Illinois 60647. *See* Ex. A-4 at 6.

### VIII

Prior to the issuance of the Subpoena, the Secretary engaged in a number of attempts to obtain the records from Respondent. The Secretary's attempts to secure the documents by other means is reflected in the various requests, conversations, and correspondence exchanged between the Secretary's representatives and Respondent in December 2019 and January 2020. (*See Declaration of Wage and Hour Investigator Piotr Kisielinski in Support of the Secretary of Labor's Petition to Enforce Administrative Subpoena Duces Tecum*, attached hereto and incorporated herein by reference as Exhibit A and *Declaration of Wage and Hour Assistant District Director Gabriel Gelbtuch in Support of the Secretary of Labor's Petition to Enforce Administrative Subpoena Duces Tecum*, attached hereto and incorporated herein by reference as Exhibit B). As a result of the failure of Respondent to produce the documents requested, the Subpoena was issued and served on Respondent as provided herein. *See* Ex. A.

### IX

After the issuance of the Subpoena, the Secretary again engaged in a number of attempts to obtain the records from Respondent beginning on February 10, 2020, and continuing through February 28, 2020. (*See* Exhibit B and *Declaration of Wage and Hour District Director Thomas Gauza in Support of the Secretary of Labor's*

4

*Petition to Enforce Administrative Subpoena Duces Tecum*, attached hereto and incorporated herein by reference as Exhibit C)**.** Although Respondent stated that it would comply with the Subpoena and produced some limited records, Respondent has failed to comply fully with the Subpoena and its failure to produce each of the specified books, records, and documents, as required by the Subpoena, has impeded and continues to impede the Secretary's lawful investigation under the provisions of section 11 of the FLSA.

**WHEREFORE**, the Secretary respectfully requests this Court Issue an Order:

(a) Requiring Respondent to appear before this Court, within 14 days from the service of this Petition and its accompanying Memorandum and Exhibits, on a date certain, to show cause, if any it has, why it should not comply with and obey the administrative Subpoena *Duces Tecum* in each and every requirement thereof;

(b) Requiring Respondent to appear, at a time and place to be determined by the Court, before a duly appointed official of the United States Department of Labor, and to produce, at that time, all items and documents listed and described in the administrative Subpoena *Duces Tecum*;

(c) Tolling the statute of limitations from February 10, 2020, the date Respondent first failed to comply with the Secretary's Subpoena *Duces Tecum*, until such date as the Secretary informs the Court that Respondent has complied in full;

(d) Requiring Respondent to pay all costs and expenses incurred by the Secretary in this matter; and

(e)     For such other just and further relief as may be necessary and appropriate.

Respectfully submitted,

**KATE O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

P.O. Address:

s/Kevin M. Wilemon
Office of the Solicitor      **KEVIN M. WILEMON**
U.S. Department of Labor      Trial Attorney
230 S. Dearborn St., Room 844
Chicago, IL 60604
Telephone No.: 312/353-6973      Attorneys for EUGENE SCALIA
Fax No.: 312/353-5698      Secretary of Labor
E-mail: wilemon.kevin@dol.gov      U.S. Department of Labor
    Petitioner