

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **EUGENE SCALIA**, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | Misc. Case No.: |
| Petitioner, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | Magistrate Judge: |
| **LA BOMBA FOOD RESTAURANT,** | ) | |
| **INC.,** | ) | |
| | ) | |
| Respondent. | ) | |

### DECLARATION OF WAGE AND HOUR INVESTIGATOR PIOTR KISIELINSKI IN SUPPORT OF THE SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM*

**PIOTR KISIELINSKI** hereby states and declares on personal information and belief as follows:

1.     I am an investigator for the Chicago District Office of the United States Department of Labor, Wage and Hour Division. As part of my duties as an investigator, I conduct investigations to ascertain compliance with the Fair Labor Standards Act ("FLSA"). I have been an investigator with the Chicago District Office since September 2000.

2.     On November 29, 2019, I received an assignment to investigate compliance with federal wage and hour laws, including, but not limited to, compliance with the FLSA's minimum wage, overtime, and record-keeping provisions, by La Bomba Food Restaurant, Inc. ("La Bomba"), which maintains an

office and its principal place of business at 3221 W. Armitage Ave., Chicago, Illinois 60647.

3.      On December 9, 2019, I conducted an on-site visit of La Bomba with Assistant District Director Gabriel Gelbtuch ("ADD Gelbtuch"), my supervisor, at its principal place of business. I brought with me a FLSA appointment letter dated December 9, 2019, outlining the Wage and Hour Division's investigation and identifying documents necessary to ascertain compliance with the FLSA. Because Wilson Torres, La Bomba's owner, was not present during the on-site investigation, I gave an employee of La Bomba the FLSA appointment letter with directions to give the FLSA appointment letter to Mr. Torres. The employee confirmed he would give the FLSA appointment letter to Mr. Torres. The FLSA appointment letter is attached hereto as Exhibit A-1.

4.      On December 17, 2019, I returned to La Bomba and briefly met with Mr. Torres. During that meeting, Mr. Torres explained La Bomba's bookkeeper, Arney Ruiz of Successful, Inc., d/b/a Successful Business Services, had the records sought in the FLSA appointment letter. Mr. Torres gave me Mr. Ruiz's contact information.

5.      On December 20, 2019, I sent Mr. Ruiz the FLSA appointment letter attached hereto as Exhibit A-1 via email at arneyr@sbspractice.com. My email to Mr. Ruiz is attached hereto as Exhibit A-2.

6. On December 23, 2019, Mr. Ruiz confirmed receipt of my December 20, 2019, email with the FLSA appointment letter attached. Mr. Ruiz's confirmation email is attached hereto as Exhibit A-3.

7. On December 27, 2019, I emailed Mr. Ruiz and requested the responsive documents be provided by December 30, 2019. *See* Ex. A-3 at 1.

8. On December 30, 2019, La Bomba failed to provide any records.

9. On February 3, 2020, after several unsuccessful attempts by ADD Gelbtuch to obtain compliance with the document requests, I served Mr. Torres in-person with a Subpoena *Duces Tecum* ("Subpoena") directed to La Bomba. The Subpoena *Duces Tecum* is attached hereto as Exhibit A-4.

10. The Subpoena required La Bomba to produce the requested records no later than February 10, 2020. *See* Ex. A-4 at 1.

11. To date, the only documents La Bomba produced are the 2018 IRS W-2 forms for La Bomba's 10 employees and the 2019 IRS W-2 forms for La Bomba's 10 employees.

12. La Bomba's failure to comply fully with the Subpoena has impeded and continues to impede the Wage and Hour Division's investigation under the provisions of section 11 of the FLSA to ascertain La Bomba's compliance with the FLSA.

13. Exhibits A-1 through A-4 attached hereto are true and correct copies of what they purport to be.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 04/30/2020

**PIOTR KISIELINSKI**

# EXHIBIT A-1

**U.S. Department of Labor**     **Wage and Hour Division**
230 S. Dearborn St.
Chicago, IL 60657
Office: 312-789-2974
kisielinski.piotr@dol.gov



12/09/2019

La Bomba Food Restaurant, Inc.
3221 W Armitage Ave
Chicago, IL 60647

Re: Wage & Hour Investigation

To whom it may concern:

The Wage and Hour Division (WHD) of the U.S. Department of Labor is responsible for administering and enforcing a number of federal labor laws, including the **Fair Labor Standards Act (FLSA)**. The enclosed pamphlet briefly describes the FLSA.

Authority for this investigation is contained in Section 11(a) of the FLSA. Section 11(a) states, "The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter or which may aid in the enforcement of the provisions of this chapter."

I will visit your establishment on (**to be determined)** to verify such compliance. The normal procedure is to hold an opening conference with a representative of the company, check certain records for a two-year period, interview a representative number of employees, and hold a closing conference to discuss the results of the investigation.

In order to conduct the investigation with as little disruption to your business operations as possible, please have available for our inspection on the date to be determined, all documents providing the following information for the last two years, ending with your **last completed payroll:**

    (1) Names, addresses, and telephone numbers of all business owners and company officers (e.g., President, Treasurer, Secretary, Board of Directors and other Corporate Officers) along with a company organizational chart if you have one;

(2) Legal name of the company and all other names used by the company (e.g., "Doing Business As" names);

(3) Records demonstrating your gross annual dollar volume of sales (front page of the federal tax return form). Please provide these records for the past three (instead of two) years;

(4) A list of all employees, with their address, phone number, hourly rate or salary, descriptive job title, date of hire/fire, and whether you consider that employee exempt from overtime; for all *current and former* employees;

(5) Payroll and time records for the past two years (broken down by pay period), including a copy of the most recently completed payroll (if possible, please provide these records digitally. Please contact me prior to my visit to discuss);

(6) Birth dates for all employees under age 18 who worked during the past 24 months;

(7) 1099 Forms and contract documents with any independent contractors, subcontractors or day laborers at this establishment;

(8) Federal Employer Identification Number (FEIN);


If any of the above listed documents are **available electronically** or can be easily copied and mailed, I ask that you forward them to me at the address or **email** listed above.

We request that you have copies of all of the listed documents available on the designated meeting date pursuant to the authority contained in Section 11(a) and (c) of the FLSA and in Part 516 of the Code of Federal Regulations.

Per section 15(a)(3) of the FLSA, you are prohibited from retaliating against any person who files a complaint with the Wage and Hour Division or who cooperates with a Wage and Hour Division investigation. You are also prohibited from retaliating against your employees for accepting payment of the wages owed to them or from requiring your employee to return or decline payment of the wages owed to them.

Every effort will be made to conduct this investigation expeditiously and with a minimum of inconvenience to you and your employees. However, please note that the above is not intended to be an exhaustive or final list of records to be examined.

If you have any questions, feel free to call me at 312-785-3253.

Sincerely,
Peter Kisielinski, WHI

Enclosures:
Handy Reference Guide https://www.dol.gov/whd/regs/compliance/wh1282.pdf
Fact Sheet #44 https://www.dol.gov/whd/regs/compliance/whdfs44.htm



# EXHIBIT A-2

| From: | Kisielinski, Piotr - WHD |
|---|---|
| **Sent:** | Friday, December 20, 2019 1:55 PM |
| **To:** | arneyr@sbspractice.com |
| **Cc:** | Kisielinski, Piotr - WHD |
| **Subject:** | records request letter - La Bomba |
| **Attachments:** | La Bomba FLSA-Appt-letter.doc |

| **Follow Up Flag:** | Follow up |
|---|---|
| **Flag Status:** | Flagged |

As discussed. Please respond acknowledging receiving this email.

Thank you.

**Piotr 'Peter' Kisielinski**, Investigator

U.S. Department of Labor
Wage and Hour Division
230 S. Dearborn Street, Room 412
Chicago, IL 60604
Telephone: (312) 789-2974
Mobile: (312) 758-3253

****WARNING****
THIS COMMUNICATION MAY CONTAIN SENSITIVE INVESTIGATIVE MATERIAL REQUIRING SPECIAL HANDLING
The attached information may be confidential. It is intended only for the addressee(s) identified above. If you are not the addressee(s), or an employee or agent of the addressee(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please destroy and/or permanently delete the information and notify the sender of the error.

# EXHIBIT A-3

| **From:** | Kisielinski, Piotr - WHD |
|---|---|
| **Sent:** | Friday, December 27, 2019 1:46 PM |
| **To:** | 'Arney Ruiz' |
| **Subject:** | RE: records request letter - La Bomba |

Arney,

Please provide the requested records by 12/30/19.
Call me if you have any questions.

Thank you.

**Piotr 'Peter' Kisielinski**, Investigator

U.S. Department of Labor
Wage and Hour Division
230 S. Dearborn Street, Room 412
Chicago, IL 60604
Telephone: (312) 789-2974
Mobile: (312) 758-3253

****WARNING****
THIS COMMUNICATION MAY CONTAIN SENSITIVE INVESTIGATIVE MATERIAL REQUIRING SPECIAL HANDLING
The attached information may be confidential. It is intended only for the addressee(s) identified above. If you are not the addressee(s), or an employee or agent of the addressee(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please destroy and/or permanently delete the information and notify the sender of the error.

**From:** Arney Ruiz <arneyr@sbspractice.com>
**Sent:** Monday, December 23, 2019 10:07 AM
**To:** Kisielinski, Piotr - WHD <Kisielinski.Piotr@dol.gov>
**Subject:** Re: records request letter - La Bomba

received, thank you

On Fri, Dec 20, 2019 at 1:55 PM Kisielinski, Piotr - WHD <Kisielinski.Piotr@dol.gov> wrote:

> As discussed. Please respond acknowledging receiving this email.
>
>
> Thank you.
>
>
> **Piotr 'Peter' Kisielinski**, Investigator

U.S. Department of Labor

Wage and Hour Division

230 S. Dearborn Street, Room 412

Chicago, IL 60604

Telephone: (312) 789-2974

Mobile: (312) 758-3253

****WARNING****
THIS COMMUNICATION MAY CONTAIN SENSITIVE INVESTIGATIVE MATERIAL REQUIRING SPECIAL HANDLING
The attached information may be confidential. It is intended only for the addressee(s) identified above. If you are not the addressee(s), or an
employee or agent of the addressee(s), please note that any dissemination, distribution or copying of this communication is strictly prohibited. If
you have received this communication in error, please destroy and/or permanently delete the information and notify the sender of the error.

--

**Arney Ruiz**
**Successful Inc**
*1315 Butterfield Rd Suite 222*
*Downers Grove IL 60515*
*Ph. 630-724-0996*
*Fax. 866-883-7068*
*www.sbspractice.com*
"Your Success. Our Business"

*ANY RESPONSE CONTAINED IN THIS EMAIL IS GENERIC IN NATURE AND MAY NOT BE USED
FOR SPECIFIC CLIENT SITUATIONS. ALL RECIPIENTS OF THIS EMAIL MUST PERFORM THEIR
OWN INDEPENDENT RESEARCH AND EMPLOY PAID PROFESSIONAL CONSULTATION AND
COME TO THEIR OWN CONCLUSIONS.*

CONFIDENTIALITY NOTICE:This email and any attachments are for the exclusive and confidential use of
the intended recipient.If you are not the intended recipient,please do not read,distribute or take action in reliance

EXHIBIT A-3
2

upon this message.If you have received this in error,please notify me immediately by return email and promptly delete this message and its attachments from your computer system.I do not waive attorney-client or work product privilege by the transmission of this message.

# EXHIBIT A-4

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### WAGE AND HOUR DIVISION

#### SUBPOENA DUCES TECUM

To: La Bomba Food Restaurant, Inc.
3221 W. Armitage Ave.
Chicago, IL 60647

     Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to THOMAS GAUZA, District Director, WAGE AND HOUR DIVISION, CHICAGO DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents to the CHICAGO DISTRICT OFFICE Located at 230 South Dearborn, Room 412, Chicago, IL 60604, on February 10, 2020 at 10:00 a.m.

FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this 3ʳᵈ day of February, 2020.

_____
MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

# ATTACHMENT to SUBPOENA

La Bomba Food Restaurant, Inc.

## A. DEFINITIONS AND INSTRUCTIONS

1. "La Bomba Food Restaurant, Inc." means La Bomba Food Restaurant, Inc., including its current and former officers, directors, employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2. "Document" or "documents" shall mean all writings and recordings within the meaning of Rules 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words, or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in La Bomba Food Restaurant, Inc.'s possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of La Bomba Food Restaurant, Inc., including notes; memoranda; records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3. "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4. "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5. "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for La Bomba Food Restaurant, Inc.

6. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7. "Including" shall be construed to mean "without limitation."

8. Unless otherwise specified, the time period covered by this subpoena is from December 9, 2017, to the date of production. Documents created prior to December 9, 2017, which have been used or relied on since December 9, 2017, or which describe legal duties which remain in effect after December 9, 2017 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9.    If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

     a.    Specific privilege being asserted;
     b.    Nature of the document;
     c.    Author of the document and the date of preparation;
     d.    Recipients of the document or copies thereof; and
     e.    Subject matter of the document.

10.    If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:

     a.    Date destroyed;
     b.    Method of destruction;
     c.    Reason for destruction;
     d.    Person or person(s) who authorized the destruction; and
     e.    Subject matter of the document destroyed.

## B.    DOCUMENTS TO BE PRODUCED

1.    Documents reflecting the names, addresses, and telephone numbers of each owner, corporate officer, and manager of La Bomba Food Restaurant, Inc.

2.    Documents reflecting the ownership interest (percentage of ownership) of each owner of La Bomba Food Restaurant, Inc.

3.    Documents identifying all branches and establishments, controlled by, or operating with La Bomba Food Restaurant, Inc

4.    La Bomba Food Restaurant, Inc's company organizational chart.

5.    Documents relating to the business structure of La Bomba Food Restaurant, Inc, including articles of incorporation, partnership records, membership records, and corporate filings with the Secretary of State.

6.    All federal and state income tax forms submitted and signed by or on behalf of La Bomba Food Restaurant, Inc, including all schedules, attachments, and worksheets.

7.    Documents – including monthly, quarterly, and annual records – stating the annual gross dollar volume of sales made or business done, or total volume of goods purchased or received, by La Bomba Food Restaurant, Inc

8.    Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for La Bomba Food Restaurant, Inc.

D-0-d

9. Documents relating to workers treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

10. All W-2 Forms and/or 1099 Forms distributed by La Bomba Food Restaurant, Inc. to workers.

11. All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

12. All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

13. All documents relating to cash payments to workers.

14. All documents reflecting schedules of work for workers.

15. Documents reflecting each worker's starting and ending time and day for each workweek. If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

16. All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, time cards, logs, journals, and diaries.

17. All documents reflecting the total daily or weekly regular earnings or wages due for hours worked during each workday or workweek for each worker.

18. All documents reflecting additions to, or deductions from, wages paid each pay period to each worker.

19. All documents relating to tip credits taken by the La Bomba Food Restaurant, Inc for each worker.

20. All documents reflecting the amount of tips received by workers.

21. All documents relating to any tip-pooling arrangement, including notice given to workers.

22. All documents relating to any tips contributed to any tip pool by each worker and distribution of said tips.

23. All of La Bomba Food Restaurant, Inc's employment policies and procedures related to compensation paid to workers and hours worked (or pieces completed) by workers,

including supervisory procedures, recordkeeping procedures, compensation policies, disciplinary policies, and employee handbooks.

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _La Bomba Food_ on _02/03/2020_ by:

☒ hand delivering it to _Wilson Torrez, owner_

☐ hand-delivering it to _____, who is: _____; is an individual of suitable age and discretion; and resides at _____'s residence.

☐ hand-delivering it to _____, who is an officer, managing agent, general agent, or other agent authorized by appointment or law to accept service of process on behalf of _____and by mailing a copy of the subpoena to _____.

☐ other: _____.

_____
(Signature)

_PIOTR KISIELINSKI_
(Name of person serving the subpoena)

_WH Investigator_
(Official Title)

_02/03/2020, 3:20 pm_
(Date)



# EXHIBIT B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **EUGENE SCALIA**, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | Misc. Case No.: |
| Petitioner, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | Magistrate Judge: |
| **LA BOMBA FOOD RESTAURANT,** | ) | |
| **INC.,** | ) | |
| | ) | |
| Respondent. | ) | |

**DECLARATION OF WAGE AND HOUR ASSISTANT DISTRICT DIRECTOR GABRIEL GELBTUCH IN SUPPORT OF THE SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM***

**GABRIEL GELBTUCH** hereby states and declares on personal information and belief as follows:

1.      I am an Assistant District Director ("ADD") for the Chicago District Office of the United States Department of Labor, Wage and Hour Division. As part of my duties as an Assistant District Director, I assign Wage and Hour Investigators to conduct investigations to ascertain compliance with the Fair Labor Standards Act ("FLSA") and supervise such investigations. I have been an ADD with the Chicago District Office since May 26, 2019. Prior to that, I was a Wage and Hour Investigator in the Little Rock, Arkansas District Office from December 28, 2014, to May 25, 2019.

2.      On November 29, 2019, I assigned Wage and Hour Investigator Piotr Kisielinski ("WHI Kisielinski") to investigate compliance with federal wage and

hour laws, including, but not limited to, compliance with the FLSA's minimum

wage, overtime, and record-keeping provisions, by La Bomba Food Restaurant, Inc.

("La Bomba"), which maintains an office and its principal place of business at 3221

W. Armitage Ave., Chicago, Illinois 60647.

3.     On December 9, 2019, I conducted an on-site visit of La Bomba with

WHI Kisielinski at its principal place of business. WHI Kisielinski brought a FLSA

appointment letter dated December 9, 2019, outlining the Wage and Hour Division's

investigation and identifying documents necessary to ascertain compliance with the

FLSA. Because Wilson Torres, La Bomba's owner, was not present during the on-

site investigation, WHI Kisielinski gave an employee of La Bomba the FLSA

appointment letter with directions to give the FLSA appointment letter to Mr.

Torres. The employee confirmed he would give the FLSA appointment letter to Mr.

Torres. The FLSA appointment letter is attached to the Declaration of Wage and

Hour Piotr Kisielinski in Support of the Secretary of Labor's Petition to Enforce

Administrative Subpoena Duces Tecum as Exhibit A-1.

4.     On January 6, 2020, after La Bomba produced no documents in

response to the FLSA appointment letter, I sent via email to La Bomba's

bookkeeper, Arney Ruiz of Successful, Inc., d/b/a Successful Business Services, a 72-

hour letter identifying documents necessary to ascertain compliance with the FLSA

and requiring production within 72 hours as required by 29 C.F.R. § 516.7(a) (2019).

I also sent the 72-hour letter via First-Class Mail to Mr. Torres at La Bomba's

principal place of business. The 72-hour letter is attached hereto as Exhibit B-1; my email to Mr. Ruiz is attached hereto as Exhibit B-2.

5. According to the Illinois Secretary of State's website, Hector G. Borquez is La Bomba's registered agent. Mr. Borquez's address is listed as 1315 Butterfield Road, Suite 222, Downers Grove, Illinois 60515. This is the same address as Successful, Inc., d/b/a Successful Business Services.

6. On January 9, 2020, Mr. Ruiz called me to discuss the 72-hour letter. Mr. Ruiz explained he received the 72-hour letter and had access to some of La Bomba's payroll records, but he could not provide them to the Wage and Hour Division without obtaining permission from Mr. Torres. Mr. Ruiz also stated he had trouble contacting Mr. Torres, but he would attempt to contact Mr. Torres in order to obtain his permission to provide the payroll records to the Wage and Hour Division.

7. On February 24, 2020, after the Subpoena *Duces Tecum* ("Subpoena") requiring the production of documents by February 10, 2020 (subsequently extended by the Wage and Hour Division to February 17, 2020), was personally served on Mr. Torres by WHI Kisielinski on February 3, 2020, and no documents had been produced, I called Mr. Torres and requested all responsive documents be delivered to the Chicago District Office that day.

8. On February 25, 2020, Mr. Torres came to the Chicago District Office and produced the 2018 IRS W-2 forms for La Bomba's 10 employees and the 2019 IRS W-2 forms for La Bomba's 10 employees. Mr. Torres stated he would produce all

requested payroll records, documents showing La Bomba's annual dollar volume, and a list of employee contact information.

9.    To date, the only documents La Bomba produced are the 2018 IRS W-2 forms for La Bomba's 10 employees and the 2019 IRS W-2 forms for La Bomba's 10 employees. February 25, 2020, is the last and only date on which La Bomba produced any documents.

10.    La Bomba's failure to comply fully with the Subpoena has impeded and continues to impede the Wage and Hour Division's investigation under the provisions of section 11 of the FLSA to ascertain La Bomba's compliance with the FLSA.

11.    Exhibits B-1 through B-2 attached hereto are true and correct copies of what they purport to be.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____05/01/2020_____          _____

                                    **GABRIEL GELBTUCH**

# EXHIBIT B-1

**U.S. Department of Labor**          **Wage and Hour Division**

230 S. Dearborn St.
Room 412
Chicago, IL 60604
312-789-2981



January 6, 2020

Wilson Torres
La Bomba Food Restaurant Inc.
3221 W. Armitage Ave.
Chicago, IL 60647

SENT VIA ELECTRONIC MAIL

SUBJECT:  Wage Hour Investigation

Dear Mr. Torres:

An investigation of La Bomba Food Restaurant Inc. was scheduled to determine the application of the provisions of the Fair Labor Standards Act to its operation.  In order to make these determinations, it is necessary to examine certain records.  According to information furnished me, you have refused Wage Hour Investigator Kisielinski access to those records.

Section 11(a)((29 U.S.C. 211(a)) of the Fair Labor Standards Act provides as follows:

> The Secretary of Labor or his/her designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to the Act, and may enter an inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices or matters as he/she may deem necessary or appropriate to determine whether any person has violated any provision of this Act or which may did in the enforcement of the provisions of this Act.

**THE ACT ALSO PROVIDES FOR THE ISSUANCE OF SUBPOENAS TO SUPPORT SUCH INVESTIGATIONS.**

The Supreme Court of the United States has long ago affirmed this subpoena power.  In <u>Oklahoma Press Publ'g Co. v. Walling</u>, 327 U. S. 186 (1946), the United States Supreme Court held that the Administrator need not show that the employer is subject to the Act as a condition precedent to obtaining an order enforcing his/her subpoena, and he/she may subpoena all records which he/she deems necessary and appropriate to the investigation.

A number of Circuit Courts of Appeal have reviewed various situations involving this section and have held to the same effect:

<span style="padding-left: 3em;">Tobin v. Banks & Rumbaugh, 201 F. 2d 223 (5th Cir. 1953)</span>
<span style="padding-left: 3em;">Holloway Gravel Co. v. McComb, 174 F. 2d 421 (5th Cir. 1949)</span>
<span style="padding-left: 3em;">Cuday Packing Co. v. Fleming, 119 F. 2d 209 (5th Cir. 1941)</span>
<span style="padding-left: 3em;">Mississippi Road Supply Co. v. Walling, 136 F. 2d 391 (5th Cir. 1943)</span>
<span style="padding-left: 3em;">Walling v. Benson, 137 F. 2d 501 (8th Cir. 1943)</span>

*Additionally, the Supreme Court reaffirmed the holding of Oklahoma Press in Donovan v. Lone Steer, Inc., 464 U.S. 408 (1984). In Donovan, the Supreme Court stated that it was clear that the Secretary of Labor may issue an administrative subpoena without a warrant. Id. at 415.*

In 1965 a District Court decision in the ninth Circuit considered such an investigation, Wirtz v. Horowitz, 1965 U.S. Dist. LEXIS 7454 (D. Cal. 1965). The Court held that the Administrator is entitled to judicial enforcement of a subpoena directing a corporation to produce certain records in order to determine whether the corporation had violated the Act. It said the Administrator had the right to require the records without having to show that the corporation was covered or that the Act had been violated.

Regulation 516.7 (29 CFR 516.7) requires each employer to make available to the Administrator or his/her representative, ***within 72 hours of written notice***, those records the firm is required to keep under Regulations 516.2 and 516.6 covering the last two years for the company. These records include:

- time and pay records, time cards, time sheets, payroll registers, payroll journals, piece rate tickets (Reg. 516.2)

- names, addresses and social security numbers of all employees/contractors/homeworkers and dates of birth of all under 19 years of age (Reg. 516.2)

- shipping and receiving records, including invoices, delivery records, bills of lading (Reg. 516.6)

- sales records (Reg 516.6)

**This is to be considered your 72 hours written notice to have records available at 02:00 pm on January 9, 2020 at 230 S. Dearborn St., Room 412, Chicago, IL 60608**

Thank you for your attention. Please call me if you have any questions.

Sincerely yours,

Gabe Gelbtuch
Assistant District Director



# EXHIBIT B-2

| | |
|---|---|
| **From:** | Gelbtuch, Gabriel - WHD |
| **Sent:** | Monday, January 6, 2020 1:54 PM |
| **To:** | arneyr@sbspractice.com |
| **Cc:** | Kisielinski, Piotr - WHD |
| **Subject:** | 72 Hour Letter |
| **Attachments:** | La Bomba - 72 Hour Letter.docx |

Good afternoon,

Please see attached letter for your client, Mr. Wilson Torres, of La Bomba Food Restaurant Inc.  A copy has also been mailed to the establishment.  Please let me know if you have any questions.

Thanks,

Gabe Gelbtuch
Assistant District Director
Wage and Hour Division
230 S. Dearborn St., Room 412
Chicago, IL 60604
(312) 789-2981



EXHIBIT C

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **EUGENE SCALIA**, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | Misc. Case No.: |
| Petitioner, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | Magistrate Judge: |
| **LA BOMBA FOOD RESTAURANT,** | ) | |
| **INC.,** | ) | |
| | ) | |
| Respondent. | ) | |

## DECLARATION OF WAGE AND HOUR DISTRICT DIRECTOR THOMAS GAUZA IN SUPPORT OF THE SECRETARY OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM*

**THOMAS GAUZA** hereby states and declares on personal information and belief as follows:

1. I am the District Director for the Chicago District Office of the United States Department of Labor, Wage and Hour Division. As part of my duties as an District Director, I supervise Assistant District Directors who in turn assign Wage and Hour Investigators to conduct investigations to ascertain compliance with the Fair Labor Standards Act ("FLSA") and supervise such investigations. I have been the District Director for the Chicago District Office since December 2004.

2. On November 29, 2019, Assistant District Director Gabriel Gelbtuch assigned Wage and Hour Investigator Piotr Kisielinski ("WHI Kisielinski") to investigate compliance with federal wage and hour laws by Respondent La Bomba

EXHIBIT C                    Page 1 of 2

Food Restaurant, Inc. ("La Bomba"), which maintains an office and its principal place of business at 3221 W. Armitage Ave., Chicago, Illinois 60647.

3.    On February 3, 2020, WHI Kisielinski served Mr. Torres in-person with a Subpoena *Duces Tecum* ("Subpoena") directed to La Bomba. A true and correct copy of the Subpoena *Duces Tecum* is attached to the Declaration of Wage and Hour Piotr Kisielinski in Support of the Secretary of Labor's Petition to Enforce Administrative Subpoena Duces Tecum as Exhibit A-4.

4.    The Subpoena required La Bomba to produce the requested records no later than February 10, 2020. *See* Ex. A-4 at 1.

5.    On February 10, 2020, Wilson Torres, La Bomba's owner, came to the Chicago District Office. Mr. Torres did not schedule a meeting in advance of his visit. I met with Mr. Torres for approximately five minutes. Mr. Torres brought no documents with him, and he asked for additional time to respond to the Subpoena issued on February 3, 2020, because he had not gathered the requested documents yet. I gave Mr. Torres until February 17, 2020, to comply with the Subpoena.

6.    Respondent provided no documents on February 17, 2020, the extended deadline for compliance with the Subpoena.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: <u>May 1, 2020</u>            *Thomas A. Gauza*
                                          **THOMAS GAUZA**

EXHIBIT C                    Page 2 of 2